```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
CHRIS HAVENER,

                        Plaintiff,
                                           MEMORANDUM & ORDER
            -against-                      20-CV-0094(JS)

GABBY G FISHERIES INC.,

                        Defendant.
----------------------------------------X
APPEARANCES
For Plaintiff:      Stephen W. Koerting, Esq., pro hac vice
                    R. Terrance Duddy, Esq., pro hac vice
                    Kelly, Remmel & Zimmerman
                    53 Exchange Street
                    Portland, Maine 04101

                    Andrew V. Buchsbaum, Esq.
                    John P. James, Esq.
                    Friedman, James & Buchsbaum LLP
                    15 Maiden Lane, Suite 1202
                    New York, New York 10038

For Defendant:      Francis G. McSweeney, Esq., pro hac vice
                    Regan & Kiely LLP
                    40 Willard Street, Suite 304
                    Quincy, Massachusetts 02169
```

SEYBERT, District Judge:

        Plaintiff Chris Havener ("Plaintiff") commenced this action under the Jones Act, 46 U.S.C. § 30104, et seq., against Defendant Gabby G Fisheries Inc. ("Defendant"). (Compl., ECF No. 1.) Currently before the Court is Defendant's motion to transfer this case to the United States District Court for the District of Massachusetts pursuant to 28 U.S.C. § 1404(a) ("Section 1404(a)"). (Mot., ECF No. 22; Def. Br., ECF No. 22-1; Def. Reply, ECF No.

24.)  Plaintiff opposes the motion.  (Pl. Opp., ECF No. 23.)  For the reasons that follow, Defendant's motion is GRANTED.

BACKGROUND

Plaintiff, a resident of Maine, was a crew member and seaman on the F/V GABBY G, a commercial fishing vessel owned and operated by Defendant, a New York state corporation.  (Compl. ¶¶ 8-9; Farnham Aff., Mot., Ex. 1, ECF No. 22-2, ¶ 3.)  On or around January 19, 2017, Plaintiff allegedly suffered an injury to his right leg while working on the F/V GABBY G in "navigable waters of the Atlantic Ocean in or about New Bedford, Massachusetts," and required "open reduction internal fixation surgical intervention." (Compl. ¶¶ 9-10.)  Plaintiff initially received medical treatment and surgery at St. Luke's Hospital in New Bedford, Massachusetts (Def. Br. at 12) and received subsequent treatment from physicians located in Wellesley, Massachusetts and Brunswick, Maine (id. at 9).

Danny Farnham, the principal owner and CEO of Defendant, transacts business, including the payment of bills, payroll, and checks, out of a home office in Montauk, New York.  (Farnham Aff. ¶¶ 2, 4.)  However, Mr. Farnham "spend[s] most of [his] time" in New Bedford, Massachusetts where the F/V GABBY V conducts "100%" of its fishing.  (Id. ¶¶ 4-5, 8.)  Mr. Farnham represents that while checks may be written in Montauk, New York, they are "brought to New Bedford or mailed out" and "[a]ll personnel transactions

such as hiring and firing and all fishing by [Defendant] and the F/V GABBY G is done in New Bedford, Massachusetts." (Id. ¶¶ 4, 7.)

As relevant here, Defendant lists five crew members as potential witnesses: Captain Bobby Conrad, Dennis Martins, Mike Krum, David Brown, and Jesse Benware. (Id. ¶ 11.) According to Defendant, they are, or were, independent contractors and Defendant "lacks the ability to require them to travel to New York for depositions and trial." (Id. ¶ 12.) Two witnesses -- Captain Bobby Conrad and Dennis Martins -- currently work for Defendant and reside in Massachusetts and/or Vermont, and Maine, respectively. (Id. ¶¶ 11(a)-(b); Def. Br. at 11.) Mike Krum, David Brown, and Jesse Benware do not currently work for Defendant and reside in Rhode Island, Maine, and Connecticut, respectively. (Farnham Aff. ¶¶ 11(c)-(e); Def. Br. at 11.)

## DISCUSSION

I. Legal Standard

Section 1404(a) provides that, "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a). On a motion to transfer pursuant to Section 1404(a), "a court must consider a two-part inquiry." Casey v. Odwalla, Inc., 338 F. Supp.

3

3d 284, 291 (S.D.N.Y. 2018). First, the Court determines "whether the action could have been brought in the proposed transferee forum." Id. at 292. Second, the Court considers "whether transfer is appropriate" by "weighing a non-exhaustive list of factors," including:

> (1) the plaintiff's choice of forum; (2) the convenience of the witnesses; (3) the location of relevant documents and relative ease of access to sources of proof; (4) the convenience of the parties; (5) the locus of operative facts; (6) the availability of process to compel the attendance of unwilling witnesses; (7) the relative means of the parties; (8) the forum's familiarity with the governing law; and (9) trial efficiency and the interests of justice.

Id. "In evaluating these factors on a motion to transfer venue, the Court may consider factual submissions, including declarations, by defendants, who have the burden to justify a change of venue." Sec. & Exch. Comm'n v. Hill Int'l, Inc., No. 20-CV-0447, 2020 WL 2029591, at *3 (S.D.N.Y. Apr. 28, 2020) (citations omitted).

## II. Analysis

Defendant argues that transfer to the District of Massachusetts is appropriate because "[n]one of the events or omissions giving rise to [Plaintiff's] claims occurred in" this District. (Def. Br. at 4.) Specifically, Defendant argues that its place of incorporation and Mr. Farnham's home office are the sole connections to this District whereas all day-to-day decisions

4

concerning the F/V GABBY G, personnel actions, maintenance, and fishing, occur in or out of New Bedford, Massachusetts. (Id. at 4-5.) Plaintiff opposes the motion and argues, among other things, that none of the factors "support a transfer of venue in this Jones Act claim." (Pl. Opp. at 11-24.) For the reasons that follow, the Court finds that, although close, the relevant factors tip in favor of transfer to the District of Massachusetts.

### A. This Action Could Have Been Filed in the District of Massachusetts

Plaintiff commenced this action under the Jones Act which "provides the right to trial by jury and incorporates the law regulating recovery for personal injury or death of a railway employee, i.e., the Federal Employers Liability Act ("FELA")." Dumitru v. Princess Cruise Lines, Ltd., 732 F. Supp. 2d 328, 344 (S.D.N.Y. 2010) (citing 46 U.S.C. § 30104). The parties assume that the Jones Act incorporates FELA's venue provision, 45 U.S.C. § 56 ("FELA § 6"), and Plaintiff argues venue is not proper in the District of Massachusetts under that provision. (Def. Br. at 7-8; Pl. Opp. at 8-10.) However, the Court is not persuaded FELA's venue provision is applicable. In 2008, Congress amended the Jones Act and removed the venue provision. See Trotter v. 7R Holdings LLC, 873 F.3d 435, 441–42 (3d Cir. 2017) (discussing the legislative history of the Jones Act). According to the Congressional committee that proposed the repeal:

5

> This subsection is being repealed to make clearer that the prior law regarding venue, including the holding of Pure Oil Co. v. Suarez, 384 U.S. 202 . . . (1966) and cases following it, remains in effect, so that the action may be brought wherever the seaman's employer does business.

Modak v. Alaris Cos., LLC, No. 08-CV-5118, 2009 WL 1035485, at *2 (N.D. Cal. Apr. 17, 2009) (alteration in original) (quoting H.R. REP. NO. 110-437, § 3 (2008)). Accordingly, the general venue statute, 28 U.S.C. § 1391, applies to Plaintiff's Jones Act claims. Id.; see also Pittman v. Bo-Mac Contractors, Ltd., No. 12-CV-2590, 2013 WL 4854309, at *1 (E.D. La. Sept. 10, 2013) (considering motion under Section 1404(a) in Jones Act case and finding transferee court appropriate under 28 U.S.C. § 1391(b)(1)); Barnes v. Romeo Papa, LLC, No. 12-CV-0365, 2013 WL 3049236, at *2 (S.D. Tex. June 17, 2013) (same); Riley v. Trident Seafoods Corp., No. 11-CV-2500, 2012 WL 245074, at *3-4 (D. Minn. Jan. 9, 2012) (finding "FELA's venue provisions should not be read into the Jones Act" because "the 2008 amendment was intended to make clear that venue under the Jones Act is to be treated in accordance with 28 U.S.C. § 1391(c), as courts have been treating Jones Act venue since Pure Oil 2"), report and recommendation adopted, 2012 WL 245248 (D. Minn. Jan. 26, 2012).

Here, Plaintiff could have filed this action in the District of Massachusetts under 28 U.S.C. § 1391. Specifically, Defendant is subject to personal jurisdiction in the District of

6

Massachusetts given its contacts there.  See Mass. Gen. Laws ch. 223A, § 3 (Massachusetts law provides that "[a] court may exercise personal jurisdiction over a person [which includes a corporation under Mass. Gen. Laws ch. 223A, § 1] . . . as to a cause of action in law or equity arising from the person's . . . (a) transacting any business in this commonwealth"); see also M-R Logistics, LLC v. Riverside Rail, LLC, 537 F. Supp. 2d 269, 275 (D. Mass. 2008) (noting that "transacting any business" under Massachusetts law "is interpreted very broadly").  Thus, Defendant is a resident of that district under Section 1391(d), rendering venue proper under Section 1391(b)(1).  Moreover, as alleged in the Complaint, Plaintiff was injured while working on the F/V GABBY G in "navigable waters of the Atlantic Ocean in or about New Bedford, Massachusetts."  (Compl. ¶ 9 (emphasis added).)  Therefore, a substantial part of the events giving rise to Plaintiff's claims occurred in Massachusetts and venue is also proper in the District of Massachusetts under section 1391(b)(2).

    B. On Balance, Transfer to the District of Massachusetts is Appropriate

The Court assesses and balances the nine factors, enumerated supra, and finds they tip in favor of transferring this action to the District of Massachusetts.

7

1. <u>The Locus of Operative Facts</u>

The parties dispute whether Plaintiff's injury occurred at sea or at a port in New Bedford, Massachusetts. The Court need not resolve this dispute because, as alleged and recited <u>supra</u>, the "accident giving rise to this case occurred on board a vessel stationed at" or near New Bedford, Massachusetts. (Compl. ¶ 9.) Accordingly, this factor lends support for transferring this action. See <u>Cormier v. Blue Marlin Support Servs., LLC</u>, No. 11-CV-3170, 2012 WL 3027099, at *2 (E.D. La. July 24, 2012) (finding this factor weighed in favor of transfer in Jones Act case where "[a]lthough the situs of the alleged wrong is not within the Western District, it is nonetheless geographically closer to the Western District of Louisiana than the Eastern District"); <u>see also</u> <u>Matter of Trawler Susan Rose, Inc.</u>, 227 F. Supp. 3d 444, 451 (E.D.N.C. 2017) (affording "substantial weight to the fact that the accident giving rise to this action took place while the vessel was off the coast" of New Jersey and finding this factor weighed in favor of transfer to the District of New Jersey); <u>Campbell v. Dynamic Cranes, L.L.C.</u>, No. 05-CV-0241, 2005 WL 2562091, at *3 (S.D. Tex. Oct. 6, 2005) (finding this factor supported transfer of Jones Act case to the Western District of Louisiana where the plaintiff was injured "closer to the Western District of Louisiana" than to the Southern District of Texas).

8

2. <u>Convenience of Witnesses and the Availability of Process to Compel the Attendance of Unwilling Witnesses</u>

When considered together, these factors weigh in favor of transfer because most of the testimony in this case will be provided by witnesses who regularly transact business in or near the District of Massachusetts. To be sure, "[t]he second factor, convenience for the potential witnesses, is often considered to be the most important when evaluating whether to transfer an action." <u>Scalia v. KDE Equine, LLC</u>, No. 19-CV-3389, 2020 WL 4336395, at *5 (E.D.N.Y. July 28, 2020).

Here, the prospective witnesses can be divided into two groups: the "crew and witnesses to Plaintiff's injury" and Plaintiff's treating physicians. (<u>See</u> Farnham Aff. ¶ 11; Def. Br. at 8-10.) For the treating physicians, the District of Massachusetts is a more convenient forum because Plaintiff received treatment and surgery at St. Luke's Hospital in New Bedford, Massachusetts immediately following his injury. He subsequently received treatment in Brunswick, Maine. Regardless of the availability of virtual depositions, the District of Massachusetts is undoubtedly a more convenient forum for these physician witnesses. <u>See</u> <u>Blake v. Delta Steamship Lines, Inc.</u>, No. 84-CV-2661, 1985 WL 322, at *3 (S.D.N.Y. Feb. 26, 1985) ("Doctors, . . . are well known for their busy schedules" and "[i]t seems safe to assume that it would be inconvenient for the

9

[physicians located out of state] to attend trial in New York under almost any circumstances."); see also Jacobs v. First Shipmore Assocs., No. 83-CV-2491, 1983 WL 6961623 (S.D.N.Y. Aug. 25, 1983) (transferring case to the Middle District of Florida where medical witnesses were in Florida, stating the "availability of medical witnesses is a factor to be given great weight in determining whether to transfer a Jones Act case"); Ralph v. Exxon Mobil Corp., No. 05-CV-0655, 2006 WL 2266258, at *2 (S.D. Tex. Aug. 8, 2006) (stating that although "physicians routinely appear at trial through deposition, . . . their availability and convenience weighs legitimately in the Court's analysis" and finding the "availability and convenience of [plaintiff's initial treating physician] witnesses weighs slightly in favor of transfer").

As for the crew members/seamen, the parties dispute the convenience of both venues and the extent to which the potential witnesses reside and/or work within 100 miles of this District as compared to the District of Massachusetts. (Def. Br. at 9, 11; Pl. Opp. at 19-20.) However, the fact remains that the proposed witnesses have residences scattered across five different states such that, regardless of venue, significant travel is expected. Indeed, only two witnesses -- Mike Krum and Jesse Benware -- reside within 100 miles of this Court and three witnesses -- Captain Bobby

Conrad,[1] Mike Krum, and Jesse Benware -- reside within 100 miles of the District of Massachusetts. Further, it necessarily follows that multiple witnesses are beyond the subpoena power of both this Court and the District of Massachusetts.[2]

In any event, "courts generally accord little, if any, weight to the availability and convenience of witnesses who are seam[e]n, as they are likely to be at sea, and thus available only by deposition (at their home or on board ship) regardless of the U.S. trial forum."[3] Varnelo v. Eastwind Transp., Ltd., No. 02-CV-2084, 2003 WL 230741, at *21 n.41 (S.D.N.Y. Feb. 3, 2003). Therefore, the Court finds these factors, albeit barely, favor a transfer to the District of Massachusetts.[4]

---

[1] Defendant, without explanation, provides two addresses for Captain Bobby Conrad: one in Massachusetts (134 miles from this Court and 50 miles from the District of Massachusetts) and another in Vermont (233 miles from this Court and 154 miles from the District of Massachusetts).

[2] The Court independently verified that Captain Bobby Conrad (at both the Massachusetts and Vermont residences), Dennis Martins, David Brown, and Plaintiff's physicians in Brunswick, Maine are beyond this Court's subpoena power. Meanwhile, Captain Bobby Conrad (at the Vermont residence), Dennis Martins, David Brown, and the physicians in Brunswick, Maine are beyond the District of Massachusetts's subpoena power.

[3] The Court finds no authority to support Defendant's argument that this proposition is applied with less force to commercial fisherman as compared to "blue water" seamen. (See Def. Reply at 5.)

[4] Defendant also represents that it intends to call an investigator who is located in Massachusetts. (Def. Br. at 10.) It is not clear if this individual is Defendant's employee and a fact witness or an expert witness. In the former scenario, "parties can compel

11

3.  <u>The Location of Relevant Documents and Relative Ease of Access to Sources of Proof</u>

Given that Plaintiff received medical treatment and surgery following the injury at St. Luke's hospital in Massachusetts, this factor somewhat tips in favor of transfer. Nonetheless, in today's "era of electronic documents, easy copying and overnight shipping, this factor assumes much less importance than it did formerly. Furthermore, the location of documents is entitled to little weight unless [the movant] makes a detailed showing of the burden it would incur absent transfer." <u>Larew v. Larew</u>, No. 11-CV-5771, 2012 WL 87616, at *5 (S.D.N.Y. Jan. 10, 2012) (quoting <u>Seltzer v. Omni Hotels</u>, No. 09-CV-9115, 2010 WL 3910597, at *2 (S.D.N.Y. Sept. 30, 2010)). The Court also recognizes that "[a]n important piece of evidence in this case is the vessel itself, which, if it is not out at sea, docks in" New Bedford, Massachusetts. <u>Garza v. Marine Transp. Lines, Inc.</u>, No. 84-CV-6610, 1985 WL 6150, at *2 (S.D.N.Y. Apr. 8, 1985).

---

the testimony of their own employees without the need for subpoena." <u>Fuji Photo Film Co. v. Lexar Media, Inc.</u>, 415 F. Supp. 2d 370, 375 (S.D.N.Y. 2006). In the latter scenario, the location of expert witnesses is entitled to little or no weight when deciding a transfer motion. <u>Aronstein v. Thompson Creek Metals Co.</u>, No. 14-CV-0201, 2015 WL 235186, at *4 (D. Conn. Jan. 16, 2015) ("The convenience of expert witnesses has little or no significance in determining whether an action should be transferred under 28 U.S.C. § 1404(a)." (quoting <u>Scheinbart v. Certain-Teed Prods. Corp.</u>, 367 F. Supp. 707, 709-10 (S.D.N.Y. 1973))).

12

Here, "neither party has indicated that transmitting documents or other physical evidence would be particularly burdensome." Larew, 2012 WL 87616, at *5. Moreover, "no matter where the trial is held, introduction of photographs of the ship should suffice." Garza, 1985 WL 6150, at *2. However, "inasmuch as the operative facts alleged in the complaint occurred in the [District of Massachusetts], it is likely that the sources of proof are located within that district." Larew, 2012 WL 87616, at *5. Thus, this factor weighs slightly in favor of transfer.

### 4. Plaintiff's Choice of Forum

"Although a plaintiff's choice of forum is generally entitled to great weight in assessing the balance, where the operative facts underlying the alleged cause of action have no material connection whatsoever with the forum," as discussed herein, "plaintiff's choice of forum is a less weighty consideration." Cutrer v. Lykes Bros. Steamship Co., No. 84-CV-9123, 1987 WL 5359, at *2 (S.D.N.Y. Jan. 7, 1987) (collecting cases). Plaintiff's choice of forum is afforded little weight where, as here, he does not reside in this District nor "did the operative facts occur in" this District. Larew, 2012 WL 87616, at *8; Command Arms Accessories, LLC v. ME Tech. Inc., No. 19-CV-6982, 2019 WL 5682670, at *8 (S.D.N.Y. Oct. 31, 2019) ("As might be expected, '. . . plaintiffs' choice of forum is accorded less weight where the plaintiffs' chosen forum is neither their home

13

nor the place where the operative facts of the action occurred.'" (quoting Dwyer v. Gen. Motors Corp., 853 F. Supp. 690, 694 (S.D.N.Y. 1994))).

### 5. The Remaining Factors

Finally, the Court considers the remaining factors -- the convenience of the parties; the relative means of the parties; the forum's familiarity with the governing law; and trial efficiency and the interests of justice -- and finds that they neither weigh in favor nor against transfer.

Although a close call, the Court concludes that Defendant met its burden of showing that transfer is warranted.

## CONCLUSION

Accordingly, Defendant's motion to transfer (ECF No. 22) is GRANTED. The Clerk of the Court is directed to transfer this case to the United States District Court for the District of Massachusetts pursuant to 28 U.S.C. § 1404(a) and mark this case CLOSED.

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated:   February __12__, 2021
         Central Islip, New York